UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CYNTHIA SCOTT,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>CONTINENTAL AIRLINES, INC., INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, AND GALLAGHER BASSETT SERVICES, INC.,<br><br>　　　　　　Defendants. | Civil Action No.: 13-3008 (CCC)<br><br>**OPINION** |

**CECCHI, District Judge.**

This matter comes before the Court on Defendant Continental Airlines, Inc.'s motion to dismiss Plaintiff Cynthia Scott's Complaint. The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78.[1] Based on the reasons that follow, Defendant Continental's motion to dismiss is granted without prejudice. Plaintiff is granted thirty (30) days in which to file an Amended Complaint that cures the pleading deficiencies discussed below.

**I.　BACKGROUND**

This dispute stems from Plaintiff Cynthia Scott's ("Plaintiff") allegations that Continental Airlines, Inc. ("Continental") owes her compensation from when she was injured on the job and went on leave for treatment. (Compl. 2.)

---

[1] The Court considers any new arguments not presented by the parties to be waived. See Brenner v. Local 514, United Bhd. of Carpenters & Joiners, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument").

The following are the facts alleged in the Complaint. Plaintiff began working for Continental in 1987. (Compl. 1-2.) Plaintiff was a member of the International Association of Machinists and Aerospace Workers (the "Union") during her employment with Continental. (Compl. 1-2.) The terms of Plaintiff's employment with Continental were covered by a Collective Bargaining Agreement (the "CBA") between Continental and the Union. (Compl. 2.)

Plaintiff alleges that on or about June 2002, she was injured while working on a flight. (Compl. 2.) Plaintiff became temporarily disabled and was absent from work from December 2003 to May 29, 2004. (Compl. 3.) Plaintiff's injury treatment was not approved by Continental's agent for compensation, Gallagher Bassett Services Incorporated ("Gallagher"), for workers compensation benefits until April 28, 2004. (Compl. 3.) Plaintiff claims that she is owed $9,389.25 from when she was on leave. (Compl. 3.)

In 2004, Plaintiff filed a grievance with the Union based on a violation of the CBA. (Compl. 4-5.) The grievance was then processed by the Union. (Compl. 4.) On or about September 7, 2010, Plaintiff received a letter stating that the Union and the Local were appealing her grievance to the System Board of Adjustment. (Compl. 4.) On July 26, 2012, Plaintiff received a letter from the Association of Flight Attendants advising her that the Grievance Committee decided to withdraw her grievance because the company offered a settlement to Plaintiff that was not accepted. (Compl. 5, Ex. C.)

On April 25, 2013, Plaintiff filed a three-count Complaint against Continental, the Union, and Gallagher in the Superior Court of New Jersey. (Compl. 1.) Plaintiff's First Count is a summary of Plaintiff's allegations. (Compl. 2-5.) The Second Count alleges that Continental and Gallagher breached the CBA in violation of the Railway Labor Act (the "RLA") by failing to pay Plaintiff. (Compl. 5.) The Third Count alleges that the Union breached its duty of fair

2

representation by handling Plaintiff's grievance "in bad faith, in an arbitrary and discriminating manner." (Compl. 6.)

Continental removed the case to this Court. Continental now moves to dismiss Plaintiff's Complaint, asserting that it was not filed within the governing six-month statute of limitations. (Def.'s Mot. 4.) Plaintiff filed a Brief in Opposition to Continental's Motion. (Pl.'s Opp'n Mot.) Continental then filed a Reply Brief in support of its Motion. (Def.'s Reply Br.)

## II.    LEGAL STANDARDS

For a complaint to survive dismissal pursuant to Rule 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non- moving party. See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

The burden of proof for showing that no claim has been stated is on the moving party. Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)). During a court's threshold review, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." In re Rockefeller Ctr. Props., Inc., 311 F.3d 198, 215 (3d Cir. 2002).

## III.    DISCUSSION

Plaintiff argues that Continental's failure to pay her was a breach of the CBA and violates the RLA. (Compl. 5.) Continental seeks to dismiss the claim against them, arguing that it is time-

barred. (Def.'s Mot. 4.) In response, Plaintiff has attempted to set forth additional claims. (Pl.'s Opp'n Mot. 2-4.) To the extent that Plaintiff is asserting any additional contract claims or claims against Gallagher, they do not affect Defendant Continental's motion to dismiss on statute of limitations grounds.[2]

The Third Circuit has held that "under the Railway Labor Act, 45 U.S.C. § 151 *et seq.*, a plaintiff can assert a 'hybrid' claim against both his union for breaching its duty of fair representation and his employer for breaching its duties under the collective-bargaining agreement." Russo v. Am. Airlines, Inc., 340 F. App'x 816, 818 (3d Cir. 2009); West v. Conrail, 481 U.S. 35, 37, (1987). To make a hybrid claim, a plaintiff must allege both, (1) that the employer breached the collective bargaining agreement, and also as a necessary condition precedent, (2) that the union breached its duty of fair representation. Albright v. Virtue, 273 F.3d 564, 567 (3d Cir. 2001); Felice v. Sever, 985 F.2d 1221, 1226 (3d Cir. 1993). These claims are considered essential and "inextricably interdependent." Ahmad v. United Parcel Serv., 281 F. App'x 102, 104 (3d Cir. 2008); DelCostello v. International Bhd. of Teamsters, 462 U.S. 151, 164-65 (1983).

The Supreme Court, in DelCostello, held that hybrid claims are governed by a six-month statute of limitations. DelCostello, 462 U.S. at 160-70 (1983); see also Haggerty v. USAir, Inc., 952 F.2d 781, 784 (3d Cir. 1992); Childs v. Pennsylvania Fed'n Bhd. of Maint. Way Employees, 831 F.2d 429, 433 (3d Cir. 1987); Pagano v. Bell Atl.-N.J., Inc., 988 F. Supp. 841, 845 (D.N.J.

---

[2] Plaintiff's Brief in Opposition to Defendant Continental's Motion to Dismiss contains allegations against Gallagher regarding a refusal to correct attendance records. These allegations are presented for the first time in this brief but are not contained in the Complaint. Plaintiff may not amend the Complaint through responsive briefing. See Nguyen v. Quick Chek Store, 2013 U.S. Dist. LEXIS 176067, *2 (D.N.J. Dec. 16, 2013); Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993); Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988).

1997). The Court "borrowed" the six-month statute of limitations from § 10(b) of the National Labor Relations Act. Gavalik v. Continental Can Co., 812 F.2d 834, 846 (3d Cir. 1987). The Court reasoned, "when a rule from elsewhere in federal law clearly provides a closer analogy than available state statutes, and when the federal policies at stake and the practicalities of litigation make that rule a significantly more appropriate vehicle for interstitial lawmaking, we have not hesitated to turn away from state law." DelCostello, 462 U.S. at 171-72 (1983).

The six-month statute of limitations begins to run "when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation." Vadino v. A. Valey Engrs, 903 F.2d 253, 260 (3d Cir. 1990) (citing Hersh v. Allen Prods. Co., 789 F.2d 230, 232 (3d Cir.1986)). "[W]here an employee sues a union for breach of its duty of fair representation, the limitations period commences when 'the plaintiff receives notice that the union will proceed no further with the grievance.'" Vadino, 903 F.2d at 260; Pagano, 988 F. Supp. at 845-46. In a suit against the employer, the statute of limitations "is tolled until it was or should have been clear to the employee that the union would not pursue the grievance." Vadino, 903 F.2d at 261; Albright, 273 F.3d at 576.

Here it is undisputed that Plaintiff received a letter on July 26, 2012 informing her that the Union decided to withdraw her grievance. (Compl. 5.)[3] It is black letter law that a hybrid cause of action accrues when a Plaintiff learns that the Union is not pursing their grievance. Vadino, 903 F.2d at 260. Here, Plaintiff failed to file this action until April 23, 2013, at least eight months

---

[3] Although Plaintiff alleges she was informed as of July 26, 2010 that her Union would not pursue her grievance, the letter attached as Exhibit C to the Complaint which informed plaintiff of the Union's intention not to pursue the grievance is actually dated July 26, 2010. Under either date, Plaintiff's claim is time barred.

5

after she became aware that the Union withdrew her grievance. This is beyond the applicable six-month statute of limitations. Thus, the hybrid claim against Continental is barred by the statute of limitations.

## IV. **CONCLUSION**

For the reasons set forth above, Plaintiff's claims are dismissed without prejudice pursuant to the applicable statute of limitations and Defendant Continental's motion to dismiss is granted. To the extent the deficiencies in Plaintiff's claims can be cured by way of amendment, Plaintiff is granted thirty (30) days to reinstate this matter and file an Amended Complaint for purposes of amending such claims.

An appropriate Order accompanies this Opinion.

_____
CLAIRE C. CECCHI, U.S.D.J.

DATED: January 29, 2014